IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| LAMONT WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:14-cv-00033 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DOLLAR GENERAL CORPORATION, | ) | By: Hon. Jackson L. Kiser |
| DOLGENCORP, LLC, and DOLGEN, LLC, | ) | Senior United States District Judge |
| | ) | |
| Defendants. | ) | |

Before me are Defendants' Motion for Summary Judgment [ECF No. 17] and Plaintiff's Motion to Strike Defendants' Reply Memorandum in Further Support of Defendants' Motion for Summary Judgment [ECF No. 21]. Both issues were fully briefed by the parties, and the parties appeared before me on November 14, 2014, to argue their respective positions on the facts and the law. The matters are now ripe for disposition. For the reasons stated in open court and more fully herein, Defendants' Motion for Summary Judgment will be denied and Plaintiff's Motion to Strike Defendants' Reply Memorandum will be denied as moot.

I.  STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Plaintiff Lamont Wilson ("Plaintiff") is a resident of Blairs, VA, and is blind in his right eye. (Compl. ¶¶ 7, 11 [ECF No. 1].) Defendant Dollar General ("Defendant") is a small-box discount retailer with over 11,000 stores in 40 states. (Id. ¶ 8.) Plaintiff was previously employed by Defendant in 2010. Around that time, Plaintiff developed iritis and began having difficulty seeing in his left eye, his only functioning eye. (See id. ¶ 11.) Following several visits with his physician, Plaintiff's doctor removed him from work until his eyesight could be restored. (See id. ¶ 12–14.) Dollar General terminated Plaintiff's employment in April of 2010. (Id. ¶ 16.) Plaintiff contends that he was terminated because he could not return to his work as a

result of his disability (id. ¶ 14); Dollar General refutes that charge.[1]  Nevertheless, following his termination, Plaintiff had two surgeries to restore the vision in his left eye.  (Id. ¶ 18.)  On or about June 12, 2013, Plaintiff reapplied for a job through Defendant's on-line employment portal.  (Id. ¶ 21–23.)  Defendant contends that Plaintiff never completed its multi-step application process.

According to Dollar General, the on-line application process is a two-step process.  (See Decl. of Adam Lindsay, Senior Programming Analyst ¶ 1, Sept. 23, 2014.)  The first step—the "Gateway Questionnaire"—solicits information concerning an applicant's employment history, education history, shift availability, and other general information.  (Id. ¶ 5.)  After completing the Gateway Questionnaire, the applicant must then complete the "Assessment."  (Id. ¶ 6.)  Defendant does not assert what additional information is needed or solicited in the Assessment—only that it is a second step.

On June 12, 2013, Plaintiff completed the Gateway Questionnaire.  Defendant then e-mailed him an auto-generated e-mail message the same day which read, in relevant part:

> Thank you for the time you took applying for employment with Dollar General.  ***We have received your application*** for the position of 3410 GENERAL WAREHOUSE—South Boston VA Distribution Center—1037BR ***and are currently reviewing your experience and qualifications.  If your profile corresponds to our requirements, a member of our team will contact you***.

(Decl. of Lamont Wilson ¶ 4, Sept. 8, 2014 (emphasis added) (hereinafter "the June 12 e-mail").) Plaintiff maintains that he completed the full application, yet Defendant asserts that it performed an "extensive review" of its system and determined that Plaintiff completed the Gateway Questionnaire but *not* the Assessment.  (Lindsay Decl. ¶¶ 12–13.)

---

[1] In a prior suit against Dollar General for wrongful termination, I held that there was no evidence that Plaintiff could perform the essential functions of his job at any point in the foreseeable future.  See Wilson v. Dollar General Corp., Case No. 4:11-cv-00024, 2012 WL 707068, at *14 (W.D. Va. Mar. 5, 2012), aff'd 717 F. 3d 337 (4th Cir. 2013).

Defendant asserts that, on June 14, 2013, its computer systems sent Plaintiff an auto-generated e-mail which read, in relevant part:

> You recently began the process of applying for a position at Dollar General, but did not finish the assessment(s). **Your application will not be complete and you will not be considered for employment until you have completed the assessment(s). Please follow the link below to access your pending assessment(s).**

(Lindsay Decl. Ex. 4 (emphasis in original).) Defendant has not produced an actual copy of the e-mail; rather, it presented a screenshot of what the system typically sends out. (Id. ¶¶ 21-22.) According to Defendant, this message "would not have been generated if Mr. Wilson had completed the Assessment at that time (i.e., by June 14, 2013)." (Id. ¶ 22.) Subsequent to these events, Plaintiff was not offered an interview or a job with Dollar General. (Compl. ¶ 23.) Both Henry Bruining (Senior Manager of Human Resources) and Amanda Dalton (Human Resources Representative), the two people who were responsible for reviewing applications and filling positions, filed declarations stating that they never reviewed an application filed by Plaintiff. (Bruining Decl. ¶ 11, Sept. 19, 2014; Dalton Decl. ¶ 10, Sept. 19, 2014.)

On July 8, 2014, Plaintiff filed suit in this Court against Dollar General, DolgenCorp, LLC, and Dolgen, LLC (collectively "Defendants"). Plaintiff alleged that Defendant refused to interview or hire him because he was disabled (see id. ¶¶ 24–29), and that it refused to interview or hire him in retaliation for his filing of a charge of discrimination against Dollar General stemming from his prior employment and termination (see id. ¶¶ 30–34), all in violation of the Americans with Disabilities Act. Defendants filed their Answer on September 4, 2014. A little over a month later, on October 8, 2014, Defendants filed a Motion for Summary Judgment, in which they argue that Plaintiff never fully completed an application for employment. (See Defs.' Br. in Supp. of Mtn. for Summ. J., Oct. 8, 2014 [ECF No. 18].) Plaintiff responded, arguing that

Plaintiff did complete the application and that Defendants sent him an e-mail confirming that fact. (Pl.'s Mem. in Opp. to Defs.' Mot. for Summ. J., Oct. 10, 2014 [ECF No. 19].) Defendants replied with additional evidence explaining the origin and purpose of the June 12 e-mail on which Plaintiff relies. (Defs.' Reply Br. in Supp. of Defs.' Mot. for Summ. J., Oct. 17, 2014 [ECF No. 20].)

In response to Defendants' reply brief and the evidence included with it, Plaintiff filed a Motion to Strike Defendants' Reply Brief on the grounds that presenting new evidence in support of a motion for summary judgment in a reply brief is improper and deprives Plaintiff of a meaningful opportunity to respond to the evidence. (Mem. in Supp. of Pl.'s Mot. to Strike Defs.' Reply Br., Oct. 20, 2014 [ECF No. 21].) Defendants responded that the additional evidence addressed an issue raised in Plaintiff's response to their motion for summary judgment and their reply was therefore proper. (Defs.' Mem. in Opp. to Pl.'s Mot. to Strike Defs.' Reply Br., Oct. 24, 2014 [ECF No. 22].) Plaintiff replied (see Pl.'s Reply Br. in Supp. of Pl.'s Mot. to Strike Defs.' Reply Br., Oct. 27, 2014 [ECF No. 23]), and I heard oral argument on both issues on November 14, 2014.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); George & Co. LLC v. Imagination Entertainment Ltd., 575 F.3d 383, 392 (4th Cir. 2009). A genuine dispute of material fact exists "[w]here the record taken as a whole could . . . lead a rational trier of fact to find for the nonmoving party." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (internal quotation marks and citing reference omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute cannot be created where there is only a scintilla of evidence favoring

the nonmovant; rather, the Court must look to the quantum of proof applicable to the claim to determine whether a genuine dispute exists. Scott v. Harris, 550 U.S. 372, 380 (2007); Anderson, 477 U.S. at 249−50, 254. A fact is material where it might affect the outcome of the case in light of the controlling law. Anderson, 477 U.S. at 248. On a motion for summary judgment, the facts are taken in the light most favorable to the non-moving party insofar as there is a genuine dispute about those facts. Scott, 550 U.S. at 380. At this stage, however, the Court's role is not to weigh the evidence, but simply to determine whether a genuine dispute exists making it appropriate for the case to proceed to trial. Anderson, 477 U.S. at 249. It has been noted that "summary judgment is particularly appropriate . . . [w]here the unresolved issues are primarily legal rather than factual" in nature. Koehn v. Indian Hills Cmty. Coll., 371 F.3d 394, 396 (8th Cir. 2004).

### III. DISCUSSION

In the absence of direct evidence of discrimination, the elements of a prima facie claim for discriminatory failure-to-hire must be shown through the McDonnell-Douglas burden-shifting framework. See Parsley v. Russell Cnty. Sch. Bd., Case No. 1:13cv92, 2014 U.S. Dist. LEXIS 81110, at *14 (W.D. Va. June 24, 2014). Because there is no direct evidence of discrimination, Plaintiff must establish, by a preponderance of the evidence, that (1) he is a member of a protected class, (2) he applied for a position with Defendant, (3) he was qualified for the position he sought, and (4) Defendants rejected his application "under circumstances that give rise to an inference of discrimination." Id.

Defendants are correct when they state that, to state a claim for discriminatory failure-to-hire, Plaintiff must show that he applied for the position in question. "Put most simply, in the absence of a job application, there cannot be a failure-to-hire." Velez v. Janssen Ortho, LLC,

467 F.3d 802, 807 (1st Cir. 2006); see also Petrosino v. Bell Atl., 385 F.3d 210, 227 (2d Cir. 2004) ("A specific application is required to ensure that, at the very least, the plaintiff employee alleges a particular adverse employment action, an instance of alleged discrimination, by the employer." (internal citations and quotations removed).)

On the evidence as presented and when reviewed in the light most favorable to Plaintiff, it is clear that there is a genuine dispute over a material fact—namely, whether Plaintiff actually completed a job application. Regardless of Plaintiff's subjective beliefs, Defendants own statements to Plaintiff create this issue of fact. On the day Plaintiff submitted some or all of his online application, Defendants sent him an e-mail stating:

> Thank you for the time you took applying for employment with Dollar General. ***We have received your application*** for the position of 3410 GENERAL WAREHOUSE—South Boston VA Distribution Center—1037BR ***and are currently reviewing your experience and qualifications. If your profile corresponds to our requirements, a member of our team will contact you***.

(Decl. of Lamont Wilson ¶ 4, Sept. 8, 2014 (emphasis added).) Despite what Defendants now maintain the e-mail is *supposed* to mean, the clear and unequivocal meaning of the e-mail is that Defendants are in receipt of an application and are reviewing it.[2] Thus, Defendants cannot claim on a motion for summary judgment that, despite the clear message they sent to Plaintiff, the application process was actually not completed. Whether Defendants inadvertently misled Plaintiff into believing an application was completed, whether they intentionally misled him as a

---

[2] Defendants repeatedly argue that if viewed in a vacuum, the June 12 e-mail would suggest the Plaintiff completed his application. (See, e.g., Defs.' Reply Mem. in Further Supp. of Defs.' Mot for Summ. J. pg. 2, Oct. 17, 2014 [ECF No. 20].) I do not view the evidence in a vacuum, but I do view the evidence in the light most favorable to the Plaintiff. See Scott v. Harris, 550 U.S. 372, 380 (2007). It is abundantly clear that Defendants' statements to Plaintiff on June 12 are utterly contradictory to its statements to him on June 14 and to this Court in evidence in support of its motion for summary judgment. This contradiction, viewed in the light most favorable to Mr. Wilson, compels that the issue be submitted to a trier of fact to sort out Defendants' contradictory statements. Which of two contradictory statements is true is the unquestioned province of a jury or a judge sitting as a trier of fact.

pretext for discrimination, and whether an application actually *was* completed,[3] is for a trier of fact to decide. On a motion for summary judgment, there is evidence to support the conclusion that Plaintiff applied for a position.

Alternatively, Defendants argue that Plaintiff cannot show that any decision makers viewed his application. In the absence of a decision being made regarding his application, there can be no discrimination. Alas, this argument must fail because the affidavits of Henry Bruining and Amanda Dalton directly conflict with Defendants' own statement that they "received [his] application . . . are [were] currently reviewing [his] experience and qualifications." (Wilson Decl. ¶ 4.) When the evidence is in conflict, I view it in the light most favorable to Plaintiff. Under that standard, I must assume that Defendants meant what they said—that they received and reviewed his application. Summary judgment is not appropriate under those facts.

## **CONCLUSION**

Because the evidence is in conflict as to whether or not Plaintiff completed the application process, summary judgment is not appropriate at this stage. Defendants own records (now) show that they sent Plaintiff an e-mail informing him that his "application" (not a "partially-completed application") was being reviewed. Defendants' e-mail of two days later— an e-mail that relays contradictory information—creates a genuine issue of fact for a jury to

---

[3] Given an "extensive review" that can only generously be characterized as lazy (as opposed to the less generous "incompetent" or "sanctionable"), I can have no confidence, at this stage, in Defendants' protestations that they searched their records and can find no evidence that an application was completed. If Defendants can be caught off-guard by a *standard e-mail that is apparently sent to every applicant who merely starts the application process* (see Second Lindsay Decl. ¶ 4, Oct. 14, 2014 [ECF No. 20-1]), there is no way I can grant summary judgment on Defendants' "guarantee" that they reviewed their records and cannot find evidence to support Plaintiff's position. If Defendants are to establish the conclusion they wish me to draw, they are going to have to prove it to a jury or judge.

I accept Defendants' counsel's position that this error was inadvertent; if it were anything else, denial of Defendants' motion would be the least severe outcome possible. See 18 U.S.C. § 1621 (2014) (defining "perjury" and setting forth the range of possible punishments); Fed. R. Civ. P. 11 (concerning representations inherent in signed pleadings submitted to the court); Va. Rules of Prof'l Conduct R. 3.3 (concerning candor towards the tribunal).

- 7 -

decide. Because summary judgment is not appropriate, Defendants' motion will be denied. That ruling makes Plaintiff's Motion to Strike Defendants' Reply Memorandum moot, and Plaintiff's motion will be denied for that reason.

The Clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered this 20th day of November, 2014.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE