IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| LAMONT WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:14-cv-00033 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DOLLAR GENERAL CORPORATION, | ) | By: Hon. Jackson L. Kiser |
| DOLGENCORP, LLC, and DOLGEN, | ) | Senior United States District Judge |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter came before the Court for trial on September 1, 2015. Following a one-day

bench trial on Plaintiff's claim of retaliation in violation of the Americans with Disabilities Act,

see 42 U.S.C. § 12101, et seq. (2015) ("ADA"), the parties filed proposed Findings of Fact and

Conclusions of Law. For the reasons stated herein, judgment will be entered on behalf of

Defendants Dollar General Corporation, Dolgencorp, LLC, and Dolgen, LLC (collectively

"Defendants").

## I.     THE COURT'S FINDINGS OF FACT

Plaintiff Lamont Wilson ("Wilson") is forty-two years old and is blind in his right eye.

In 2010, Defendant Dollar General ("Dollar General") hired Wilson to work in its South Boston,

Virginia, warehouse. During his initial employment with Dollar General, Wilson was an

exemplary employee.

In the winter of 2011, Wilson developed iritis in his left eye, his only good eye. On the

advice of his physician, Wilson took sick leave from his employment. While he was on sick

leave, Dollar General terminated Wilson's employment.

- 1 -

On June 15, 2011, Wilson filed suit against Defendants, alleging that they terminated his employment in violation of the ADA. (See Compl., Wilson v. Dollar General Corp., et al., Case No. 4:11-cv-00024 (W.D. Va. 2011).) I entered summary judgment for the defendants in that suit, and my ruling was upheld by the Fourth Circuit Court of Appeals. See Wilson v. Dollar General Corp., et al., 717 F.3d 337, 348 (4th Cir. 2013).

Shortly after the Fourth Circuit issued its opinion in Wilson's prior case against Defendants, Wilson decided to apply for an open position at Dollar General as a General Warehouse Worker. At the time Wilson decided to reapply for employment, Dollar General had moved to an entirely on-line application process.[1] Wilson does not own a computer and is not proficient in the use of computers. Wilson attempted to apply using his daughter's mother's computer, but he was unable to complete the application process. According to Wilson, whenever he put his identifying information into the form and attempted to submit it, the online portal would not accept his information.

In an effort to complete an online application, Wilson went to the Virginia Employment Commission ("VEC") on June 12, 2013, and requested the aid of a VEC counselor to assist him in applying for the open position. Plaintiff and a VEC counselor sat down at a computer together to complete the application.

The application contains two parts: a Gateway Questionnaire and an Assessment. The Gateway Questionnaire solicits general information, such as an applicant's name and employment history. The Assessment contains various questions relating to the skills that are required to perform the position for which the applicant is applying. The VEC counselor read

---

[1] That process was not handled by Dollar General, but by Kenexa, a third-party company unaffiliated with Defendants outside of its contractual relationship to manage Dollar General's electronic application management system.

- 2 -

the Gateway Questionnaire to Wilson and typed his answers into the computer. Although some of the information on the form was incorrect, that is immaterial to Defendants' defense.

For the Assessment, the VEC counselor turned over control of the computer to Plaintiff, and Plaintiff answered the questions. Plaintiff accurately recalls the format, content, and time required to complete the Assessment, establishing that he did, in fact, begin and complete the Assessment. Defendants' electronic records, which do not indicate that Plaintiff began or completed the Assessment, are wrong on this point.

After completing the Assessment, Plaintiff relinquished control of the computer to the VEC counselor; to the best of his knowledge, she submitted Plaintiff's completed application. Confirming that his application was completed, Plaintiff and the VEC counselor checked Plaintiff's e-mail and discovered an e-mail from Dollar General which read, in relevant part:

> Thank you for the time you took applying for employment with Dollar General. We have received your application for the position 3410 GENERAL WAREHOUSE – South Boston VA Distribution Center – 1037BR and are currently reviewing your experience and qualifications. If your profile corresponds to our requirements, a member of our team will be in contact with you.
> . . .
> Again, we thank you for your interest in Dollar General.
>
> **Dollar General Human Resources**

(Pl.'s Ex. 1, Sep. 1, 2015.) That e-mail was false.[2] Dollar General's electronic records show, however, that it sent Plaintiff another e-mail on June 14, 2013, which alerted Plaintiff that he had not completed the Assessment. (Defs.' Exs. 3 & 4, Sep. 1, 2015.) Plaintiff denies ever receiving that e-mail.

---

[2] Defendants attempt to avoid this conclusion by arguing, essentially, that "application" does not mean "application," but rather refers only to the Gateway Questionnaire. I disagree. Application plainly refers to both parts of the application—the Gateway Questionnaire *and* the Assessment.

- 3 -

As it turns out, through some human or computer error, Plaintiff's Assessment was not actually submitted to Defendants for consideration.

Plaintiff was not contacted by Dollar General again. According to relevant personnel Amanda Dalton (who testified at the trial) and Henry Bruining (who passed away prior to trial but whose testimony was admitted by affidavit), no one in Dollar General's human resources department was aware that Plaintiff had applied for a position.

On July 8, 2014, Plaintiff filed suit in this Court alleging that Defendants failed to hire him in violation the ADA and in retaliation for filing his prior suit. After several pre-trial motions, Plaintiff's retaliation claim was tried by the Court on September 1, 2015. Both parties submitted proposed findings of fact and conclusions of law. This Memorandum Opinion outlines the findings of the Court.

## II.     CONCLUSIONS OF LAW

In order to succeed on his retaliation claim, "a plaintiff must show that: (1) he engaged in a protected activity; (2) his employer acted adversely against him; and (3) the protected activity was causally connected to the employer's adverse action." Coursey v. Univ. of Md. E. Shore, 577 F. App'x 167, 175 (4th Cir. 2014). "When those elements are satisfied, the burden shifts to the employer 'to rebut the presumption of retaliation by articulating a legitimate nonretaliatory reason for its actions.'" Id. (quoting Rhoads v. F.D.I.C., 257 F.3d 373, 392 (4th Cir. 2001)). If the employer satisfies that burden, "the plaintiff 'must demonstrate that the proffered reason is a pre-text for forbidden retaliation.'" Rhoads, 257 F.3d at 392 (quoting Haulbrook v. Michelin N. Am., 252 F.3d 696, 706 (4th Cir. 2001)).

In the present case, Plaintiff has proven the elements of his prima facie case, and Dollar General has offered a legitimate, non-retaliatory reason for its actions. Plaintiff's evidence,

- 4 -

however, fails to show that Dollar General's reasons are false or are a pretext for discrimination. The evidence does not establish that anyone at Dollar General ever reviewed Plaintiff's application. The facts establish that, although Plaintiff completed and submitted his Gateway Questionnaire, he did not submit the Assessment as he thought. Dollar General's electronic application management system does not show any record of Plaintiff's Assessment, and the June 14 e-mail confirms that Dollar General did not receive Plaintiff's Assessment. Because the application management system was handled by a third-party, Defendants were unaware that Plaintiff had submitted even part of the application.

Dollar General's June 12 e-mail makes this conclusion more difficult. Dollar General stated to Plaintiff that he had applied for a position and that his application was being reviewed. At trial, Defendants' position was that no one ever reviewed Plaintiff's application. These positions cannot be reconciled. The evidence, however, does not support the conclusion that Plaintiff was passed over for improper reasons. Rather, the most that can be taken from evidence is that Dollar General's on-line application notification system is poorly designed.

Wilson was not the victim of unlawful retaliation. The evidence before the Court, however, establishes that he *was* the victim of a grievously flawed and unnecessarily confusing application process. Despite Defendants' arguments to this Court, the June 12 e-mail was blatantly false. If bad business practices were actionable, Plaintiff would be entitled to every penny he seeks. But they are not. The facts do not establish that Dollar General as motivated by some unlawful purpose; therefore, Dollar General is entitled to judgment in its favor on Plaintiff's retaliation claim.

## III.    CONCLUSION

Although Plaintiff completed both parts of his application for employment with Dollar General, human or computer error resulted in Dollar General not receiving Plaintiff's complete application.  The evidence does not establish that Dollar General's actions were motivated by some unlawful purpose, and therefore Defendants are entitled to judgment on Plaintiff's claim of retaliation under the ADA.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered this 10th day of November, 2015.


s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE